IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ENCOMPASS OFFICE SOLUTIONS, INC.**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:11-cv-02487-L** |
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA**, **CIGNA HEALTHCARE OF TEXAS, INC.** **and GREAT WEST HEALTHCARE n/k/a CIGNA HEALTHCARE OF TEXAS, INC.**, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed November 8, 2011. After carefully reviewing the motion, briefing, pleadings, and applicable law, the court **grants in part and denies in part** Defendants' Motion to Dismiss.

**I.    Background**

Plaintiff Encompass Office Solutions, Inc. ("Encompass") brought this action against Connecticut General Life Insurance Company d/b/a CIGNA, CIGNA Healthcare of Texas, Inc., and Great-West Healthcare n/k/a CIGNA Healthcare of Texas, Inc. (collectively, "Defendants") on September 22, 2011, alleging claims for breach of contract, quantum meruit, and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), and seeking declaratory relief.[1] Encompass provides equipment and nurses to assist doctors in performing surgical procedures. It

---

[1] Encompass seeks a declaration from the court stating that it is not required to reimburse Defendants for any alleged overpayments, and that Defendants are required to reimburse Encompass for outstanding and unpaid claims.

Memorandum Opinion and Order - Page 1

provides, among other things, instruments, video equipment, disposables, anesthesia equipment and medication, stirrups, and other support equipment used primarily in outpatient gynecological surgeries.

Defendants administer and insure certain employee benefit plans under which Encompass is asserting claims. Defendants acknowledge that some, but not all, of the plans under which Encompass seeks benefits are governed by ERISA. Defs.' Mot. 1 [Doc. 8]. Encompass contends that it provided services, some of which were preapproved by Defendants, to Defendants' insureds. Encompass further asserts that it obtained written assignments from all of Defendants' insureds. Encompass therefore contends that it is entitled to reimbursement from Defendants for the services provided that are covered by various ERISA governed and non-ERISA plans, and that Defendants breached these plans by refusing and failing to reimburse it for covered procedures. In addition, Encompass argues that Defendants violated ERISA by (1) not disclosing the specific reasons for its denial of benefits and not conducting a full and fair review of all claims denied; (2) not complying with ERISA claim procedure regulations; and (3) not providing it with accurate materials summarizing group health plans, referred to as Summary Plan Descriptions ("SPDs").

On November 8, 2011, Defendants moved to dismiss Encompass's contract, quantum meruit, and ERISA claims on the ground that Encompass lacks standing to pursue the claims. Even assuming that Encompass has standing, Defendants contend that Encompass has failed to state claims for relief, such that dismissal is appropriate under Rule 12(b)(6). In an attempt to correct the deficiencies noted in Defendants' motion, Encompass moved for leave and was permitted to file a First Amended Complaint ("Complaint"). Rather than filing an amended motion to dismiss, the parties filed, on May 20, 2012, a Joint Motion to Deem Defendants' Motion to Dismiss Plaintiff's

Original Complaint as a Motion to Dismiss Plaintiff's First Amended Complaint, which was granted by the court. Before reaching the parties' arguments under Rule 12(b)(6), the court addresses Defendants' contention that Encompass lacks standing to bring the claims asserted.

## II.     Rule 12(b)(1) Motion to Dismiss Based on Lack of Standing

Defendants contend that Encompass lacks standing to maintain any of the claims asserted in this action, because: (1) it admits it is not a party to any agreement with Defendants; (2) it is not a participant or beneficiary under any benefit plan administered or insured by Defendants; and (3) Encompass failed to attached signed assignments of benefits for the persons listed in Exhibit 2 to the Complaint or allege that these persons executed assignments. Defendants further maintain that even if the court assumes that valid, signed assignments of benefits exist, Encompass cannot establish that it has derivative standing to sue for breach of fiduciary duty under ERISA. Encompass counters that the assignments and its allegations with regard to the assignments are sufficient to confer standing generally and to enforce Defendants' breaches of fiduciary duty under ERISA.

Article III of the Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies.' " *Allen v. Wright*, 468 U.S. 737, 750 (1984). A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138

**Memorandum Opinion and Order - Page 3**

F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Jurisdictional questions are questions of law. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000). The doctrine of standing "has its origins in both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319 (5th Cir. 1999) (internal quotations omitted). Standing "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated" and deals with "the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues." *Id*. at 869 (citation omitted). As a general rule, standing must exist at the time an action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (1992); *Pederson*, 213 F.3d at 870.

To establish standing, a plaintiff must satisfy constitutional and prudential requirements for standing. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). For

constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Prudential standing requirements address:

> [(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted). A plaintiff may obtain standing through an assignment of a cause of action. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).

### A.     Whether Derivative Standing is Limited to Healthcare Providers

Standing to sue under section 502(a) of ERISA "is limited to participants, beneficiaries, the Secretary, or fiduciaries." *Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003); 29 U.S.C. § 1132(a). It is well established that an assignee of an ERISA-governed plan participant has derivative standing to bring a claim for enforcement under ERISA. *See id.* at 892. Defendants dispute Encompass's status as a healthcare provider, and they appear to contend that it cannot sue derivatively as an assignee of an ERISA plan beneficiary or participant because it is not a healthcare provider but instead a vendor of supplies and personnel to physician's offices.

A similar argument was rejected in *Tango Transport,* wherein the court held that the assignment of ERISA benefits and the right to sue for reimbursement of such benefits is not limited to health care providers who provide services directly to a plan participant and receive a valid assignment from a plan participant but instead extends to any assignee of a valid assignment. *Id.* at

**Memorandum Opinion and Order - Page 5**

889, 893-94 (holding that a debt collector that purchased an assignment from a healthcare provider had standing to sue for reimbursement of ERISA benefits). Thus, to have standing to sue derivatively, Encompass need only have a valid assignment from an ERISA-governed plan participant or beneficiary, either directly or indirectly.

### B.     Sufficiency Generally of the Assignments to Encompass

Defendants argue that Encompass's Complaint fails to establish that it has standing to maintain any of the claims asserted, because the assignment of benefits form attached to the Complaint is blank and Encompass failed to attach assignment of benefits forms that were signed by the persons who are allegedly entitled to receive benefits under the plans implicated by its claims. Defendants also contend that Encompass fails to specifically allege in its Complaint that any such persons actually executed an assignment of benefits. Even assuming that Encompass received valid assignments, Defendants maintain that the assignments do not expressly assign the right to pursue a claim for breach of fiduciary duty under ERISA.

Encompass counters that it has adequately alleged standing as an assignee of ERISA beneficiary rights. Specifically, Encompass contends that by alleging that it obtained an assignment of benefits from beneficiaries and attaching a copy of the assignment form signed by each beneficiary, it has satisfied its burden with regard to standing.

Encompass alleges in its Complaint that "Patients entered into various contracts for health insurance coverage with CIGNA. It was Encompass's practice to receive . . . 'Assignments of Benefits' from patients who used Encompass for surgeries or procedures. ***Encompass possesses . . . Assignments of Benefits from each patient on behalf of whom Encompass asserts claims herein***." Pl.'s Compl. 2, ¶ 1; 18, ¶ 56. (emphasis added). Thus, contrary to Defendants' assertion,

**Memorandum Opinion and Order - Page 6**

Encompass has specifically alleged that it received executed assignments. Because Encompass, not Defendants, provided the blank assignment form at issue, the court will not treat the blank form as being part of Defendants' challenge to subject matter jurisdiction, and as a result, Encompass was not required to come forward with copies of every executed assignment to establish standing. The court therefore treats Defendants' challenge to Encompass's standing as a facial challenge to subject matter jurisdiction, considers only the sufficiency of the allegations of Encompass's Complaint, and accepts the allegations as true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). Accepting Encompass's allegations regarding the executed assignments as true, the court determines that this is sufficient for Encompass to withstand a facial attack on the court's subject matter jurisdiction and establish standing to pursue claims for reimbursement of medical benefits; however, for the reasons that follow, the court agrees with Defendants that the assignments do not encompass Encompass's other claims for alleged ERISA violations that Defendants classify as fiduciary duty claims.

  **C. Standing to Pursue Fiduciary Duty Claims**

Defendants contend that Encompass does not specifically allege that fiduciary duty claims under ERISA were expressly and knowingly assigned to it. Defendants further assert that the blank form relied on by Encompass grants it only with the right to recover for medical benefits as payment toward the total charges for services rendered. Defendants therefore argue that the assignment is not broad enough to confer standing to sue under ERISA for breach of fiduciary duty based on Encompass's contentions that: (1) CIGNA did not disclose the specific reasons for its denials and did not conduct a full and fair review of all claims denied; (2) CIGNA did not comply with ERISA

claim procedure regulations; and (3) Defendants did not provide it with accurate materials summarizing group health plans, referred to as SPDs.

Encompass responds that Defendants have failed to demonstrate that any of its claims are those for breach of fiduciary duty under ERISA, and in any event, that it has adequately alleged standing to bring fiduciary duty claims. Encompass additionally contends that the assignments in the cases relied on by Defendants are distinguishable from the assignment language at issue in this case. Encompass acknowledges that the Fifth Circuit has held that an assignment of the right to bring claims for breach of fiduciary duty must be express and knowing, but it contends that the Fifth Circuit has not held that specific language must be included in an assignment of fiduciary duty claims under ERISA. Finally, Encompass asserts that the same argument was made by CIGNA in *North Cypress Medical Center Operating Company v. CIGNA Healthcare*, 782 F. Supp. 2d 294 (S.D. Tex. 2011), and rejected. Based on the court's analysis in *North Cypress Medical Center*, Encompass contends that its allegations alone, regarding the assignments it obtained, are sufficient to establish standing in response to Defendants' facial attack on the court's jurisdiction.

Encompass is correct that Defendants' challenge to the court's subject matter jurisdiction is facial since they did not submit evidence in support of their motion. This, however, does not preclude the court from considering the language in the Assignments of Benefits form attached to Encompass's Complaint. *See, e.g., Seastrunk v. Darwell Integrated Tech., Inc.*, No. Civ. A. 3:05-CV-0531-G, 2006 WL 1932342, at *2 (N.D. Tex. Jul 10, 2006) (analyzing complaint and scope of attached copyright assignment in ruling on the defendant's facial attack to the court's jurisdiction). Moreover, it appears that the reason the court in *North Cypress Medical Center* limited its analysis

to the allegations in the plaintiff's complaint is because the assignment was not before the court. *North Cypress Medical Center* is therefore distinguishable.

Neither party takes a position regarding which state's law should apply for purposes of interpreting the Assignments of Benefits form attached to Encompass's Complaint. Encompass is a Texas corporation, and it appears from its Complaint that the services at issue were provided in Texas pursuant to Texas law. Additionally, in addressing Encompass's state claims, the parties rely on cases based on Texas law. The court therefore applies Texas law.

In Texas, an assignment is "a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or third person." *Harris Methodist Fort Worth v. Sales Support Servs.*, 426 F.3d 330, 334 (5th Cir. 2005) (applying Texas law) (citations and quotations omitted). An assignee generally "takes all of the rights of the assignor, no greater and no less[.]" *FDIC v. McFarland*, 243 F.3d 876, 887 n.42 (5th Cir. 2001) (quoting *In re New Haven Projects Ltd. Liab. Co. v. City of New Haven*, 225 F.3d 283, 290 n.4 (2d Cir. 2000)). To determine whether the assignment at issue covers the claims asserted by Encompass for alleged ERISA violations, the court examines and considers the entire assignment and gives effect to all its provisions so that none is rendered meaningless. *Harris Methodist Fort Worth*, 426 F.3d at 334. Contractual terms receive their ordinary and plain meaning unless the contract indicates the parties intended to give the terms a technical meaning. *Id*. When a contract is written so that it can be given "a definite or certain legal meaning," it is not ambiguous. *Id.* A contract is ambiguous only if it is subject to two or more reasonable interpretations. *Id.* The one-page "Assignment of Benefits" form states in pertinent part as follows:

> I hereby instruct and direct _____ insurance company to pay by check made out to the Encompass address below. Or, if my insurance policy prohibits

>  direct payment, I hereby instruct and direct myself to make a check payable to Encompass at:
>
> 2150 South Central Expressway, Suite 1000
> McKinney[,] Texas 75070
>
>  For the medical benefits allowable and otherwise payable to me under my current insurance policy as payment toward the total charges for the services rendered. This is a direct assignment of my rights and benefits under this policy. This payment will not exceed my indebtedness to the above-mentioned assignee.

Pl.'s Compl., Ex. A. This Assignment of Benefits unambiguously limits the assignment to recovery of "medical benefits allowable and otherwise payable" under the plan. Encompass, nevertheless, focuses on and singles out the sentence "[t]his is a direct assignment of my rights and benefits under this policy" to support its position that the assignment is not limited to the recovery of medical benefits. This interpretation, however, ignores that the assignment is an "Assignment of *Benefits*," defined as "medical benefits allowable and otherwise payable" under the participant's or beneficiaries current insurance policy. *Id*. It also does not account for the language that limits Encompass's recovery to the amount owed by patients for the services rendered. *Id.* ("This payment will not exceed my indebtedness to the above-mentioned assignee."). The court therefore concludes that Encompass has standing under this assignment to pursue claims for reimbursement of medical benefits but not other claims (regardless of whether the claims are characterized as fiduciary duty claims or otherwise). Because the court determines that Encompass has standing to pursue some but not all of its claims, the court **grants in part and denies in part** Defendants' Motion to Dismiss based on lack of standing.

### III.    Rule 12(b)(1) Motion to Dismiss for Failure to State a Claim

Defendants contend that Encompass's pleadings have failed to state a claim upon which relief can be granted for breach of contract, quantum meruit, and alleged ERISA violations.

**Memorandum Opinion and Order - Page 10**

### A.     Rule 12(b)(6) Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.     Breach of Contract

Defendants contend that Encompass has not alleged that it has a valid contract with Defendants, that the blank assignment is insufficient to meet this requirement, and that Encompass has failed to point to any provision of the various employee benefit plans that Defendants allegedly breached. Defendants argue that Encompass's allegation that Defendants' failure to pay claims submitted by Encompass constitutes a breach of the plans under which Encompass claims a right to benefits is conclusory and insufficient to state a claim for breach of contract.

In response, Encompass quotes specific portions of its pleadings to show that it has alleged facts to support its contention that Defendants have breached the provisions of the applicable plans related to (1) coverage for out-of-network surgery and related services received on an outpatient basis, including the facility charge and the charge for supplies and equipment; and (2) the determination of reimbursement amounts. Encompass further contends that Exhibit 2 to its Complaint contains specific information regarding the claims and health care plans and policies under which it has asserted claims, including the CIGNA Health Plan Number; date of service; CPT cod; diagnosis; amount billed by Encompass; and the amount paid by CIGNA, if any. Encompass asserts that it pleadings are sufficiently specific and it should not have to provide copies of the plans or point to specific language in them at the pleading stage.

The elements of breach of contract under Texas law are "(1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach." *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App.   Dallas 2008, no pet.). Although Encompass acknowledges that it did not contract directly with Defendants, it relies on its position as the assignee of the persons who received services

**Memorandum Opinion and Order - Page 13**

from Encompass that are allegedly covered under various insurance plans offered or administered by Defendants. As explained, the court has determined that Encompass has standing to pursue its claims for reimbursement for covered procedures.[2]  For purposes of its breach of contract claim, Encompass therefore stands in the shoes of the patients from whom it received assignments.  Thus, its acknowledgment that it did not directly contract with Defendants is not fatal to its contract claim. Further, the court determines that the facts pleaded by Encompass regarding Defendants' failure to pay for services rendered, together with the information attached to its pleadings regarding specific patients, services, and health care plans, is sufficient at this stage to state a contract claim to defeat a Rule 12(b)(6) motion.  Defendants' Motion to Dismiss on this ground is therefore **denied.**

### C. Quantum Meruit

Defendants contend that Encompass has failed to state a claim for quantum meruit because any indirect benefit Defendants allegedly received is insufficient under Texas law, and because this state law claim is completely preempted by ERISA.

#### 1. Indirect Benefit

In Texas, a plaintiff may recover in quantum meruit when nonpayment for services rendered would "result in an unjust enrichment to the party benefitted by the work." *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App.   Corpus Christi 1977, writ ref'd n.r.e.).  To recover quantum meruit damages, a plaintiff must establish that: "1) valuable services were rendered or

---

[2] While Encompass refers to section 502(a)(1)(B) of ERISA in its responsive brief in support of its position that it has stated a state law claim for breach of contract, it acknowledges in its Complaint that it "does not seek to recover under breach of contract for plans that are subject to ERISA; however, CIGNA does administer employee benefit plans that are not subject to ERISA and for which Encompass's breach of contract claim is not preempted." Pl.'s Compl. 16, n.9. Thus, Encompass appears to recognize that any contract claim that is dependent on alleged ERISA plan terms and not on any independent legal duty would be completely preempted under ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 221 (2004).

materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Vortt Explor. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). In addition, "the plaintiff must show that [its] efforts were undertaken *for* the person sought to be charged; it is not enough to merely show that [its] efforts benefitted the defendant." *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988) (emphasis in original).

Defendants argue that it is not enough that they may have received an indirect benefit as a result of Encompass providing services to patients whom Defendants had an obligation to pay health benefits. Defendants therefore contend that, because Encompass cannot allege that it provided valuable services to Defendants, Encompass's claim for quantum meruit fails under Texas law. Additionally, Defendants note that a similarly pled claim by Encompass was dismissed in *Encompass Office Solutions, Incorporated v. Ingenix, Incorporated*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011), because Encompass did not plead that it had rendered services to Defendants, but instead pled that it had rendered services to Defendants' insureds. Encompass counters, based on this court's order in *Fisher v. Blue Cross Blue Shield of Texas*, 3:10-CV-2652-L, 2011 WL 3417097, at *3 (N.D. Tex. Aug. 3, 2011), that the pleadings in support of its quantum meruit claim are sufficient.

Here, Encompass not only alleges that it rendered services to Defendants' insureds but also alleges that it rendered services to CIGNA.[3] Pl.'s Compl. 17, ¶ 50. This case is therefore distinguishable from *Encompass Office Solutions, Incorporated v. Ingenix, Incorporated*, 775 F.

---

[3] Encompass refers to Defendants collectively as "CIGNA."

**Memorandum Opinion and Order - Page 15**

Supp. 2d 938, 966 (E.D. Tex. 2011). Whether Encompass can ultimately prove the allegations made in support of its quantum meruit claim is an issue to be resolved through summary judgment or trial, not a Rule 12(b)(6) motion to dismiss. Accordingly, taking the facts alleged in the light most favorable to Encompass, the court determines that it has stated a facially plausible claim for relief, and Defendants' Motion to Dismiss the quantum meruit claim on this ground is **denied.**

### 2. Preemption

Defendants contend that Encompass's quantum meruit is completely preempted by ERISA, because its claim is dependent on its allegation that the ERISA governed plans obligated Defendants to reimburse it for services provided to plan beneficiaries. For support, Defendants rely on *Davila*, 542 U.S. at 221; and *Access Mediquip L.L.C. v. United Healthcare Insurance Company*, 662 F.3d 376 (5th Cir. 2011), in which the court held that a state law claim for quantum meruit was preempted. Encompass did not address or seek leave to respond to Defendants' preemption argument that was raised first in Defendants' motion [Doc. 8, ¶ 8] and briefed more fully in its reply.

As previously noted, Encompass contends that it is entitled to reimbursement for services rendered under ERISA governed plans, as well as non-ERISA insurance plans. The court therefore agrees that any quantum meruit claim by Encompass that is dependent on alleged ERISA plan terms is completely preempted under ERISA. *See Davila*, 542 U.S. at 221; *Access Mediquip L.L.C.*, 662 F.3d at 378. On the other hand, its quantum meruit claim that is based on non-ERISA plans is not preempted, because it is based on an independent legal duty. *See id.* Accordingly, Defendants' Motion to Dismiss on this ground is **granted** with regard to Encompass's quantum meruit claim that is dependent on alleged ERISA plan terms and **denied** as to its quantum meruit claim that is based on non-ERISA plans.

**D.     ERISA Claims Other Than Those For Recovery of Benefits**

Defendants move to dismiss Encompass's ERISA claims based on the alleged failure of Defendants to provide a full and fair review of the decision to deny benefits claimed, the alleged violation of ERISA procedural regulations, and failure to provide accurate materials summarizing group health plans or SPDs. Because the court has already determined that Encompass does not have standing to assert these ERISA claims, it does not address whether it has stated a claim under ERISA on these grounds.

**IV.    Amendment of Pleadings**

The court determines that any amendment with regard to standing would be futile. Further, while courts generally permit amendment to recast claims found to be completely preempted as a federal cause of action under ERISA, Encompass has not requested to further amend its pleadings, and did not respond to Defendants' argument that its quantum meruit claim is preempted. Additionally, Encompass was granted leave and did file an amended complaint after Defendants filed their motion to dismiss. The court therefore concludes that Encompass has pled its best case and granting leave to permit further amendment at this stage of the proceedings, after the deadline to amend pleadings, would be futile and cause needless delay. Further amendment will therefore not be permitted. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986).

**V.     Conclusion**

For the reasons stated, the court **grants in part and denies in part** Defendants' Motion to Dismiss. Specifically, the court **concludes** that Encompass has standing to pursue claims to recover medical benefits but not other claims. Further, the court **concludes** that Encompass has stated state law claims for breach of contract and quantum meruit to the extent they are based on non-ERISA

governed plans; however, Encompass's quantum meruit claim that is dependent on alleged ERISA plan terms is completely preempted under ERISA and **dismissed with prejudice**.

**It is so ordered** this 25th day of July, 2012.

Sam A. Lindsay
United States District Judge