IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ENCOMPASS OFFICE SOLUTIONS, INC.**, § § § Plaintiff, § § v. § § **CONNECTICUT GENERAL LIFE** § **INSURANCE COMPANY d/b/a CIGNA;** § **CIGNA HEALTHCARE OF TEXAS, INC.;** § **and GREAT WEST HEALTHCARE n/k/a** § **CIGNA HEALTHCARE OF TEXAS, INC.,** § § Defendants. § | Civil Action No. **3:11-cv-02487-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Partial Motion to Dismiss Defendants' Original Counterclaim, filed August 29, 2012. After carefully considering the motion, briefing, pleadings, and applicable law, the court **denies** Plaintiff's Partial Motion to Dismiss Defendants' Original Counterclaim.

**I.    Background**

On September 22, 2011, Plaintiff Encompass Office Solutions, Inc. ("Plaintiff" or "Encompass") brought this action against Connecticut General Life Insurance Company d/b/a CIGNA; CIGNA Healthcare of Texas, Inc.; and Great West Healthcare n/k/a CIGNA Healthcare of Texas, Inc. (collectively, "Defendants" or "Cigna"), alleging claims for breach of contract, quantum meruit, and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), and seeking declaratory relief. On, November 8, 2011, Defendants moved to dismiss Encompass's contract, quantum meruit, and fiduciary duty claims under ERISA on the ground that it lacks

Memorandum Opinion and Order - Page 1

standing to pursue the claims, and, alternatively, that it has failed to state a claim for relief under Rule 12(b)(6). In an attempt to correct the deficiencies noted in Defendants' motion, Encompass moved for leave and was permitted to file an Amended Complaint.

By order dated July 25, 2012 (Doc. 33), the court granted in part and denied in part Defendants' Motion to Dismiss. Specifically, the court concluded that Encompass has standing under ERISA to pursue claims to recover medical benefits but not other claims. The court further concluded that Encompass has stated state law claims for breach of contract and quantum meruit to the extent they are based on non-ERISA governed plans but that Encompass's quantum meruit claim, which is dependent on alleged ERISA plan terms, is completely preempted under ERISA. The court therefore dismissed with prejudice Encompass's quantum meruit claim.

After the court ruled on Defendants' Motion to Dismiss, Defendants filed their Answer to Plaintiff's First Amended Complaint and Original Counterclaim ("Counterclaim") on August 8, 2012. Cigna's counterclaims are for overpayment under ERISA, money had and received, and unjust enrichment. Regarding the nature of their counterclaims, Defendants assert:

1. This case centers on a scheme under which Encompass submitted claims for the payment of facility services to Cigna even though Encompass could not provide such facility services. These improper claims, each of which amounted to approximately $6,200.00, wrongly caused Cigna to pay hundreds of thousands of dollars to Encompass. The net effect of the scheme employed by Encompass was to artificially increase the cost of healthcare to Cigna's customers. In this action, Cigna seeks to recover these payments made to Encompass and to stop it from submitting any additional improper claims to Cigna administered health plans.

2. Cigna administered health plans generally cover expenses for charges made by a licensed surgical facility on its own behalf for medical care and treatment. Cigna administered health plans generally define a free-standing surgical facility as an institution that has a medical staff of physicians, nurses and licensed anesthesiologists; maintains at least two operating rooms, one recovery room, a diagnostic laboratory and x-ray facilities; has equipment for

**Memorandum Opinion and Order - Page 2**

>    emergency care; has a blood supply; maintains medical records; has agreements with hospitals for immediate acceptance of patients who need hospital confinement on an inpatient basis; and is licensed in accordance with the laws of the appropriate legally authorized agency.
>
> 3.    Encompass meets none of those requirements. Therefore, the expenses and any services allegedly provided by Encompass are not reimbursable under Cigna administered health plans.
>
> 4.    Unbeknownst to Cigna, due in part to the manner in which Encompass submitted claims to Cigna, Encompass is not a licensed facility and could not have provided the facility services for which Encompass sought reimbursement. Upon discovery of the true nature of Encompass, Cigna denied claims submitted by Encompass, and demanded that all sums that Cigna had paid to Encompass be returned to Cigna. Encompass, however, refuses to return the payments received from Cigna.
>
> 5.    Cigna brings its counterclaims in this action to recover the payments made to Encompass for services or products that are not reimbursable under the employee health and welfare benefit plans and insurance policies it administers. By bringing this action, Cigna is ensuring that its customers are charged only appropriate amounts for services rendered and is thereby helping to maintain the affordability of healthcare coverage for individuals and employers.
>
> 6.    Furthermore, Cigna's claims in this case have implications beyond the interaction between Cigna and Encompass. The majority of the health benefit plans under which Encompass submitted claims are administrative services only ("ASO") plans sponsored by employers. Thus, in most instances, monies Cigna recovers on behalf of ASO plans will be returned to the employer and not retained by Cigna. Accordingly, Cigna brings its claims in this case to not only recover the overpayments that were made to Encompass, but also to restore the assets of ASO benefit plans it administers for the benefit of the employees covered under those plans[.]

Defs.' Countercl. 14-15.

On August 29, 2012, Encompass moved to dismiss Cigna's claim for overpayment under ERISA (Count I), which apply only to Encompass's ERISA claims.  Encompass contends that Defendants lack standing to pursue a claim under ERISA for alleged overpayments because they do

**Memorandum Opinion and Order - Page 3**

not qualify as ERISA fiduciaries. Encompass further asserts that Defendants are seeking to recover money previously paid to Encompass for services that Encompass "unquestionably provided [to] Defendants' insureds" and are "unquestionably covered" under ERISA by arguing that the services are not "reimbursable":

> Generally, the policies and plans that Defendants administer include as a "Covered Health-Service" outpatient surgery performed at a hospital or alternate facility. The benefits payable for outpatient surgery include the facility charge and the charge for required services, supplies and equipment. And an alternate facility for the outpatient surgery includes a physician's office. Encompass's services, then, are covered under the specific language of the plans and policies issued by Defendants. Because Encompass's services are unquestionably covered, Defendants instead contend that they are not "reimbursable." In other words, the services are covered, but Defendants do not have to pay for them.

Pl.'s Br. 1-2. Cigna acknowledges that the word "fiduciary" does not appear in its Counterclaim but maintains that the factual allegations contained in its Counterclaim are sufficient to demonstrate that Cigna is an ERISA fiduciary with standing to bring its counterclaim to recover overpayments improperly made to Encompass. To the extent the court determines that the allegations in Cigna's Counterclaim are not sufficient, Cigna requests leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure to cure any alleged defects in its pleadings. Before determining whether Cigna's pleadings are sufficient with regard to its status as a fiduciary under ERISA, the court addresses the parties' contentions as to whether Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure applies to Encompass's motion to dismiss.

**II.     Analysis**

    **A.     Standard Applicable to Encompass's Motion to Dismiss**

Encompass contends that Rule 12(b)(6) applies because "[a]lthough lack of standing is usually asserted in a motion to dismiss under Rule 12(b)(1), dismissal for lack of statutory standing

is evaluated under Rule 12(b)(6)." Pl.'s Br. 2. For support, Encompass cites *Harold H. Huggins Realty, Inc. v. FNC, Incorporated*, 634 F.3d 787, 795 n.2 (5th Cir. 2011), for the proposition that "[u]nlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Id.* Encompass also quotes *Blanchard 1986, Limited v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) as follows: "The question of whether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question, affecting statutory standing, not a jurisdictional question, affecting constitutional standing." Pl.'s Mot. 2-3. Based on *Blanchard 1986, Limited*, Encompass contends that dismissal for failure to satisfy statutory standing requirements is entitled to preclusive effect. Because its motion deals with Defendants' statutory standing to bring a claim under ERISA, Encompass contends that it should be decided under Rule 12(b)(6), and dismissal of Defendants' ERISA claim for failure to satisfy statutory standing requirements should be given preclusive effect. In other words, Encompass contends that Cigna's overpayment claim should be dismissed with prejudice. Cigna does not directly address Encompass's arguments regarding the applicability of Rule 12(b)(6) to Encompass's motion to dismiss for lack of statutory standing but asserts that Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction.

In *Harold H. Huggins Realty, Inc.*, the Fifth Circuit explained that issues regarding Article III standing or constitutional standing are properly addressed under Rule 12(b)(1), whereas prudential or statutory standing issues are addressed under Rule 12(b)(6). *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n.2. The court in *Harold H. Huggins Realty, Inc.* went on to note that even if a defendant does not argue that the plaintiff lacks Article III standing, courts have an independent obligation to assure that jurisdiction exists by examining the constitutional dimension of standing before

determining whether a plaintiff has prudential standing to assert a claim. In its July 25, 2012 order, the court analyzed Defendants' motion to dismiss Encompass's contract, quantum meruit, and fiduciary duty claims under ERISA for lack of standing under Rule 12(b)(1) but explained that a plaintiff must satisfy both constitutional and prudential requirements for standing. Doc. 4 (citing *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)).

Based on the authority cited by Encompass, the court determines that the specific issue of whether Defendants have prudential or statutory standing under ERISA to assert their claim for repayment should be analyzed under standard applicable to Rule 12(b)(6) motions; however, the court must first determine whether jurisdiction exists by examining the constitutional dimension of standing. To satisfy the three requirements of Article III standing, Encompass must allege an injury in fact that is fairly traceable to the Encompass's conduct and likely to be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992). Cigna satisfies these requirements. It has alleged damages resulting from overpayment of claims that were wrongfully submitted by Encompass for services or products that are not reimbursable under the employee health and welfare benefit plans that Cigna administers, and an award of damages would remedy that loss. The court therefore has jurisdiction to determine whether Cigna has prudential standing under ERISA. *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n.2.

**B.     Standard for Rule 12(b)(6)—Failure to State a Claim**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

**Memorandum Opinion and Order - Page 6**

2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

    **C.**    **Cigna's Standing to Assert Overpayment Claim (Prudential Standing)**

Prudential standing requirements address:

> [(1)] whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, [(2)] whether the complaint raises abstract questions or a generalized grievance more properly addressed by the

>  legislative branch, and [(3)] whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (internal quotations and citations omitted).

Encompass contends that Cigna lacks standing to sue for alleged overpayments under ERISA because it has not pleaded facts that would establish its status as a fiduciary under section 1132(a) of ERISA, and its status as plan administrator is insufficient to establish standing. In addition, Encompass contends, based on this court's opinion in *Fisher v. Blue Cross and Blue Shield of Texas*, No. 3:10-CV-2652-L, 2012 WL 2922723, at *4-5 (N.D. Tex. July 17, 2012), that Cigna lacks standing because its overpayment claim is based on Cigna's own internal billing policies rather than the plans at issue. Cigna responds that while its pleadings do not contain the term "fiduciary," its factual allegations regarding its status as a fiduciary are sufficient. Cigna contends that *Fisher* is distinguishable, because whether the plaintiff in *Fisher* was entitled to reimbursement for services to the defendant's insureds was governed by the parties' relationship and agreements, whereas Cigna's entitlement to recover monies mistakenly paid to Encompass will be determined under the ERISA plans.

Standing to sue under section 502(a) of ERISA "is limited to participants, beneficiaries, the Secretary, or fiduciaries." *Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003); 29 U.S.C. § 1132(a). Under section 1002(21) of Title 29:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such a plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

**Memorandum Opinion and Order - Page 9**

29 U.S.C. § 1002(21)(A).  ERISA further provides that an "individual, partnership, joint venture, corporation, mutual company, joint stock company, trust, estate, unincorporated organization, association, or employee organization" may be a "person" under the definition of fiduciary.  29 U.S.C. § 1002(9).   "Fiduciary duties under ERISA attach not just to particular persons, but to particular persons performing particular functions."  *Fisher*, 2012 WL 2922723, at *5 (quoting *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1158 (3d Cir. 1990) (internal quotation marks and citations omitted) (explaining, "when employers themselves serve as plan administrators, they assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA."); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 220 (2004) ("[T]he ultimate decisionmaker in a plan regarding an award of benefits must be a fiduciary and must be acting as a fiduciary when determining a participant's or beneficiary's claim.").

Here, Cigna alleges that "Cigna administers plans subject to ERISA pursuant to written agreements with the plan sponsors and Cigna has been delegated the discretion or authority to adjudicate claims for benefits under those plans." Defs.' Countercl. 17, ¶ 13.  Cigna also alleges that it "brings its counterclaims in this action to recover the payments made to Encompass for services or products that are not reimbursable under the employee health and welfare benefit plans and insurance policies it administers." *Id.* 15, ¶ 5.  The court concludes that Cigna's allegation regarding its discretion or authority to adjudicate claims for benefits under the ERISA plans is sufficient to establish its status as a fiduciary under ERISA.  The court further determines that although Cigna alleges that it is entitled to recover payments under the plans *and* "insurance policies" it administers, it is clear from Cigna's pleadings as a whole that its overpayment claim

under ERISA is limited to recovery of payments for services or products that it contends are not reimbursable under the ERISA plans at issue.[*] Further, Cigna has clarified in its responsive briefing that its overpayment claim is limited to recovery of monies under the plans. Accordingly, the court will deny Encompass's motion to dismiss based on prudential or statutory standing.

### III.   Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Partial Motion to Dismiss Defendants' Original Counterclaim.

**It is so ordered** this 25th day of March, 2013.

　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　United States District Judge

---

[*] In response to Encompass's motion, Cigna also argued that courts have routinely permitted ERISA fiduciaries to maintain ERISA claims to recover payments made to beneficiaries. Since Encompass did not move for dismissal on this ground and did not address Cigna's contention in this regard, the court does not address it in ruling on the motion to dismiss.